IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv216
(3:04cr194)

| | |
|---|---|
| VAN ANTHONY ROSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon the petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Petitioner's Motion for Post-Conviction Discovery Pursuant to Rule 6 of the Rules Governing § 2255 Proceedings. (Doc. No. 1).

The Court has considered that motion and the record of prior proceedings and determined that the United States Attorney should file an answer. Rule 4(b), Rules Governing § 2255 Proceedings.

Petitioner's motion for post-conviction discovery asks the Court to compel counsel for the Government and his former trial attorney to provide him with "a copy of all discovery material, i.e., Police Report, FBI 302 Reports, DEA 6's, Witness Reports and a copy of the Search and Arrest Warrant." (Doc. No. 1-2: Discovery Motion at 2). In support of his motion, Petitioner asserts that the requested materials "will enable [him] to complete the arguments set forth in the 2255 motion and supplemental issues." (Id.).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Thus,

discovery is granted only for "good cause." Rule 6, Rules Governing § 2255 Proceedings. A petitioner must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Here, the petitioner's conclusory allegations, which are largely rest on evidence presented at trial and sentencing fail, to establish good cause for post-conviction discovery.

**IT IS, THEREFORE, ORDERED** that:

1. No later than forty (40) days from the filing of this Order, the United States Attorney shall file an answer to Petitioner's Motion to Vacate; and

2. Petitioner's Motion for Post-Conviction Discovery is **DENIED.**

Signed: May 16, 2008

Robert J. Conrad, Jr.
Chief United States District Judge