IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04-cr-194-RJC
(3:08-cv-216-RJC)
(3:13-cv-145-RJC)

| | |
|---|---|
| VAN ANTHONY ROSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's motion for transcripts of grand jury proceedings and his arraignment at Government expense. (3:04-cr-194, Doc. Nos. 60 & 75; 3:08-cv-216, Doc. No. 33).

On March 2, 2006, Petitioner was convicted and sentenced to 360-months' imprisonment for being a felon-in-possession of ammunition, in violation of 18 U.S.C. §§ 922(g) & 924(e). (3:04-cr-194, Doc. No. 35: Judgment in a Criminal Case). Petitioner's Judgment was upheld on his appeal to the United States Court of Appeals for the Fourth Circuit. See United States v. Rose, No. 06-4160 (4th Cir. Jan. 30, 2007) (unpublished). On September 27, 2010, the Court denied and dismissed Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, and the Fourth Circuit dismissed his appeal. (3:08-cv-216, Doc. No. 21). Rose v. United States, No. 10-7440 (4th Cir. Jan. 20, 2011) (unpublished). On March 22, 2013, the Court dismissed Petitioner's second Section 2255 motion as being an unauthorized, successive motion under Section 2255(h). (3:13-cv-145, Doc. No. 5).

In Petitioner's motions for transcripts, he articulates no reason in support of his request and the Court notes that no appeal or collateral attack is currently pending. To determine whether Petitioner is entitled to have transcripts created and distributed, the Court looks to the standards articulated in 28 U.S.C. § 753(f).[1] The statute indicates that indigent defendants are not entitled at their whim to transcripts at government expense. On collateral attack pursuant to 28 U.S.C. § 2255, the judge must certify that the transcript is needed to decide the issue presented by the suit. Id. § 753(f). Extending these standards to the present posture of the case, a movant must show a particularized need for such records. See Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152–53 (4th Cir. 1972).

As noted, Petitioner has offered no reason in support of his request and he has no cases pending before this Court and no appeal has been filed from the Court's March 22, 2013 Order dismissing his Section 2255 as successive. For the foregoing reasons, Petitioner's motions for transcripts will denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motions for Transcripts are **DENIED**. (3:04-CR-194, Doc. Nos. 60 & 75; 3:08-cv-216, Doc. No. 33)

Signed: March 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] Section 753(f) articulates the standards to be applied when transcripts have been requested for an appeal or a collateral attack.